COLLOTON, Circuit Judge,
dissenting.
The court convincingly explains why the record does not compel a conclusion that Noel Malonga suffered past persecution on a protected ground, that he faces a clear probability of future persecution based on his ethnicity, or that there is a pattern or practice of persecuting members of the Lari social group in the Congo. The court goes astray, however, when it remands the case to the Board of Immigration Appeals for a second time based on perceived deficiencies in its opinion.
The BIA must provide an adequate reasoned explanation of its decision, but it has “no duty to write an exegesis on every contention.” Averianova v. Holder, 592 F.3d 931, 936 (8th Cir.2010) (internal quotation omitted). Because the BIA rejected Malonga’s claim for withholding of removal, and described the basis for its decision “with such clarity as to be understandable,” SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), there is no reason for a remand.
The court concludes that the BIA’s opinion is inadequate for two reasons. The court first says it cannot determine whether the BIA considered Malonga’s political activities after he left the Congo. Ante, at 16. But the BIA stated explicitly that “there is little evidence that there is any ongoing interest in [Malonga] either due to his ethnicity or his political activities.” This conclusion is appropriately responsive to Malonga’s three-sentence contention in his brief to the BIA about political activity after he left the Congo. (A.R.191). Malonga argued only that he has continued “his allegiance and membership” in a political party, that he is a “member” of a political group of scholars, and that he has signed petitions criticizing the Congolese government that have been widely circulated in the United States, France, and the Congo. The BIA’s opinion, fairly read, found little evidence that the government has any present interest in Malonga due to these political activities. That is a sufficient decision to permit judicial review, and the record does not compel a contrary conclusion.
The court’s second reason for a remand is that the BIA’s “pattern or practice analysis” fails to address persecution that Malonga might face as an “actual or imputed political dissident.” Ante, at 16. The BIA answered Malonga’s “pattern or practice” argument by concluding that Malonga had “failed to show ... that his group, the Lari, face a pattern of persecution in the Congo.” The BIA viewed this conclusion as responding to Malonga’s arguments about both his social group and his political opinion, because Malonga’s testimony did not *771 differentiate between the two, and “it appear[ed] from the record that [Malonga’s] politics were intertwined with his ethnic identity.”
The court’s criticism of the BIA — that the agency’s opinion inappropriately viewed Malonga’s claims based on ethnicity and political opinion as “intertwined,” ante, at 18 — contradicts Malonga’s own position in this court: “As correctly acknowledged by the BIA, Malonga characterized his problem in Congo as ethnopolitical; ‘it appears that his politics were intertwined with his ethnic identity.”’ (Appellant’s Br. 24 n. 2) (quoting In re Malonga, No. A073 063925, at 2 (BIA Apr. 27, 2009)) (emphasis added). The court’s additional complaint that the BIA was required to address the “Lari from the Pool region” separately from the “Lari as a whole,” ante, at 17-18, and to consider whether the government would “impute” a political opinion to the former group but not to the latter, ignores this court’s prior explanation that members of the Lari social group are “identifiable ... by their concentration in southern Congo’s Pool region.” Malonga v. Mukasey, 546 F.3d 546, 554 (8th Cir.2008) (emphasis added). The BIA adequately addressed the arguments raised by Malonga in his administrative appeal, and the record does not compel a contrary conclusion on the merits.
For these reasons, I would deny the petition for review.